[S. F. No. 13496. In Bank.—October 16, 1931.]

M. C. TURNER, as Trustee, etc., Appellant, v. PAUL F. TJENSVOLD, Respondent.

L. L. Steele for Appellant.

H. S. Henion for Respondent.

CURTIS, J.—Action brought by the plaintiff as trustee of the estate of Gabriel Tjensvold, bankrupt, against Paul F. Tjensvold, and the Berkeley Thousand Oaks Realty Company, to set aside and to have declared null and void two certain deeds, one a quitclaim deed made by said bankrupt to the defendant, a son of said bankrupt, and the

other a grant deed made to said defendant, Tjensvold, by said realty company, and further to direct the Berkeley Thousand Oaks Realty Company to execute a grant deed to plaintiff to the real property described in said quitclaim and grant deeds. The defendant company entered its appearance in the action and by answer disclaimed any interest in the action, and attached to its answer a deed to said real property in favor of the plaintiff to be delivered to the plaintiff in the event the court should find plaintiff entitled thereto. The defendant Tjensvold by his answer admitted the bankruptcy of said Gabriel Tjensvold, the appointment of plaintiff as trustee of the estate of the bankrupt, the execution of said quitclaim and grant deeds, but denied that the said Gabriel Tjensvold was insolvent at the date of the execution and delivery of either of said deeds, and further alleged that said quitclaim and grant deeds were not executed for the purpose of hindering, delaying, or defrauding the creditors of the said Gabriel Tjensvold but because the said Gabriel Tjensvold had announced his intention of discontinuing making payments upon the aforesaid property, and that the grandmother of the said defendant had agreed to and did make the balance of the payments on account of said property for the use and benefit of the said defendant. The case was tried by the court without a jury. The trial court made findings and rendered judgment in favor of the defendant Tjensvold, and the plaintiff has appealed from this judgment.

It is now contended by the plaintiff on this appeal that the quitclaim deed was executed without consideration and at the date thereof the said Gabriel Tjensvold was insolvent. Therefore, the plaintiff contends that the deed is void under the terms and provisions of section 3442 of the Civil Code. It is admitted by the respondent that no consideration was paid for the deed. The quitclaim deed was executed and delivered on March 18, 1926. As to the insolvency of said Gabriel Tjensvold at the date of the execution of said deed, the trial court found that he was not insolvent at said date, but that he was then ''engaged in a successful contracting and building business, had an established credit and maintained a bank account and was able to pay all obligations up to the month of November, 1926, when he met with an accident which impaired his health and subsequent

thereto his business suffered and he became financially involved''.

The only evidence introduced by the plaintiff in support of the allegations of his complaint to the effect that said Gabriel Tjensvold was insolvent was the testimony of the said Gabriel Tjensvold. He admitted certain indebtedness set forth in his petition in bankruptcy, the major portion of which was owed to creditors residing in Canada, where the said Gabriel Tjensvold resided before coming to this state. He testified, however, that at the date of the execution of the deeds referred to above, his property in Canada exceeded in value the amount of these debts and at that time his business was prospering, and he had adequate means to meet all of his indebtedness. In this state of the evidence we cannot say that it is insufficient to support the finding as to the solvency of said Gabriel Tjensvold.

It might be well to here state the sequence of events which led up to the execution and delivery of these two deeds. We take these facts from the findings of the court, and there is no claim by the plaintiff that they are not supported by substantial evidence. On December 30, 1922, Gabriel Tjensvold entered into the contract for the purchase of the real property involved herein. He discontinued payments under the contract in November, 1923, for the reasons already stated. In April, 1924, Lydia Fockler, the grandmother of the defendant, Paul F. Tjensvold, agreed to make all future payments on said contract for the benefit of said defendant provided the contract was assigned to him, which was done in April, 1925. The amounts called for in the contract were paid in full under this agreement by the said Lydia Fockler. Thereupon on February 23, 1926, the Berkeley Thousand Oaks Realty Company executed and delivered its grant, bargain and sale deed to defendant, Tjensvold. Thereafter and on March 18, 1926, and at the request of the Oakland Title and Guaranty Co., and for the purpose of correcting any possible defect in the title to said real property, the said Gabriel Tjensvold executed and delivered to his son, the defendant Tjensvold, said quitclaim deed, which had been prepared and presented to said Gabriel Tjensvold for execution by the said title company.

In view of these facts we think it unnecessary to discuss the points of law raised by the appellant both in his opening

and reply briefs. The principles of law are no doubt correctly stated by the plaintiff, but in view of the findings of the court, they are not applicable to the facts in this case. The only real point involved in the case as it is presented on appeal is the sufficiency of the evidence to support the findings. In our opinion, the evidence meets this requirement.

The judgment is affirmed.

Seawell, J., Shenk, J., Preston, J., Langdon, J., Waste, C. J., and Richards, J., concurred.